IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | CRIMINAL NO. 1:08-CR-100 |
| | * | |
| GOJO GEORGE | * | Judge Crone |

**FACTUAL BASIS AND STIPULATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by **GOJO GEORGE**, Defendant herein, and counsel of record, RYAN B. BORMASTER and presents this Factual Basis and Stipulation in support of the Defendant's Plea of Guilty to Count 2 of the Indictment herein, and, in support thereof, would show the following:

1. That **GOJO GEORGE**, Defendant herein, hereby stipulates and agrees to the truth of all matters set forth in this Factual Basis and Stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to Count 2 of the Indictment herein, alleging a violation of Title 18 United States Code, Section 2423(b), travel in interstate commerce to engage in illicit sexual conduct.

2. That the Defendant, **GOJO GEORGE**, who is pleading guilty to Count 2 of the Indictment, is one and the same person charged therein.

3. That the events described in Count 2 of the Indictment occurred in the Eastern District of Texas and elsewhere.

4. **That the defendant knew that he was traveling in interstate commerce to wrongfully engage or attempt to engage in illicit sexual conduct.**

5. That had this matter proceeded to trial, the Government, through the testimony of witnesses and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in Count 2 of the Indictment; specifically, the Government would have proven the following stipulated facts:

   a. On June 24, 2008, Investigator Hawkins of the Texas Attorney General's Cybercrimes Unit was online using his undercover persona of a 14-year-old female in a Yahoo chat room bearing name "Louisiana #3" when Yahoo username "singe_male_br" initiated a chat session with the 14-year-old female undercover persona. During that chat session, singe_male_br identified himself as a 24 year-old-male named "joe" originally from India and currently living in Baton Rouge, Louisiana, where he is attending school at Louisiana State University (LSU). All on-line chats between singe_male_br and the 14-year-old female undercover persona were conducted using Yahoo Instant Messenger.

   b. The transcripts of the various chats on Yahoo between singe_male_br and the 14-year-old female undercover persona reveal that singe_male_br asked to travel to Texas to have illicit sexual conduct with the person he believed was a 14-year-old female. After making this request on June 24, 2008, singe_male_br was added as a friend in Yahoo Instant Messenger at which point his screen name changed from singe_male_br to "Gojo George". Also during referenced chat session, Investigator Hawkins requested singe_male_br send a picture. At that time, George displayed several photographs, one of which he stated was of himself taken in Chicago. Using records from the State of Louisiana, investigators obtained a Louisiana Personal Driver's License, bearing number 009584174, issued to Gojo George, date of birth 05/01/1982, of 3650 Nicholson Drive, Apartment 2148, Baton Rouge, Louisiana 70802. The Louisiana Personal Driver's

License number 009584174, issued to Gojo George was the same person shown in the pictures sent from singe_male_br to the undercover persona.

c. Defendant George initiated telephone calls between himself and a female undercover officer which were recorded wherein George indicated that he planned to meet the undercover persona at about 6:00 P.M. on June 25, 2008, at an undercover apartment secured by the Beaumont Police Department and located in Beaumont, Texas. George indicated that he would be driving a black 4-door Nissan Sentra. After arriving at Beaumont, Texas, George initially indicated he would take the undercover persona to a hotel for sex. On June 25, 2008, at approximately 6:00 p.m., law enforcement officers of the Texas Attorney General's Office, the Beaumont Police Department and the Federal Bureau of Investigation, who were conducting surveillance in the vicinity of the undercover apartment in Beaumont, Texas, observed a man, later identified as Defendant Gojo George, driving a black 4-door Nissan Sentra, bearing Louisiana license plate number N230264.

George pulled into and parked in the parking lot of a business located across the street from the undercover apartment. At that time, George placed a telephone call to the undercover persona and requested that she meet him in the parking lot. Agents and law enforcement officers approached George and placed him under arrest at that time. Upon his arrest, George was carrying his Louisiana Personal Driver's License bearing number 009584174. The black 4-door Nissan Sentra had been rented from Enterprise Rental as there was a receipt for the rental located in the back seat.

d. George was transported to the Beaumont Police Department and was interviewed by officers of the Texas Attorney General's Office after being advised of his rights and waiving his rights. George stated he owned and used a computer for the purpose of engaging in chat over the Internet. He further stated he had chatted as recently

as the previous day with a female he identified as "Katie" or "Kaylee". George stated he met Katie/Kaylee in a Yahoo "Louisiana" chat room when she entered the room as a new member. George told Katie/Kaylee that he was 25 years old. According to George, Katie/Kaylee informed George she was a 14-year-old female. George identified the pictures sent from singe_male_br to the undercover officer during the chat on June 24, 2008, as pictures of himself that he had provided to the undercover officer during the chat. George admitted he engaged in conversations with the undercover agent /fourteen-year-old persona which were sexual in nature and included conduct which would have been illicit sexual conduct if completed. George stated he had driven to Beaumont from Baton Rouge, Louisiana, to meet with the person he knew as Katie/Kaylee.

e. The computers and hard drives from defendant's Baton Rouge apartment were seized pursuant to search warrant and submitted for forensic examination. A forensic examination of the computers by a forensic examiner with the Texas Attorney General's Office, Cybercrimes Unit, revealed the various chats engaged in by the defendant with the undercover officer as well as the images he sent to the undercover officer and the web pages of several hotels in the Beaumont area. The examination did not reveal any child pornography.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this Factual Basis and Stipulation and the Indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this Factual Basis and Stipulation and agree without reservation that it accurately describes the events and my acts.

Dated: 10/04/08

GOJO GEORGE
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

7. I have read this Factual Basis and Stipulation and the Indictment and have reviewed them with my client, GOJO GEORGE. Based upon my discussions with the defendant, I am satisfied that the defendant understands the Factual Basis and Stipulation as well as the Indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 10/4/08

RYAN B. BORMASTER
Attorney for the Defendant

Respectfully submitted,

REBECCA A. GREGORY
UNITED STATES ATTORNEY

ROBERT L. RAWLS
ASSISTANT UNITED STATES ATTORNEY